PER CURIAM.
Following his no-contest plea reserving the right to appeal a dispositive ruling, appellant seeks review of the trial court’s denial of his motion to suppress. We are unable to distinguish the operative factors in this case from those present in Harvey v. State, 703 So.2d 1113 (Fla. 1st DCA 1997), in which this court reversed a trial court’s denial of a motion to suppress:
It is clear to us that the arresting officer in the case at bar was more determined to search appellant’s person to discover what had been hidden rather than to determine whether appellant was armed, which is the singular justification for the search incident to an investigatory stop. Additionally, in the case before us, the officer was required to conduct a reasonable, carefully limited search required by Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),] and the Florida Stop and Frisk Law. This he did not do and there were simply no extraordinary circumstances necessitating the officer’s invasive search as opposed to a pat-down and, in our view, the officer can in no way be considered to have done that which was “minimally necessary” under the circumstances to determine whether the appellant was armed. Thus, we hold that the search of appellant clearly exceeded the bounds of both Florida law and federal law and was per-se unreasonable.
Id. at 1115.
Because the motion to suppress should have been granted, we REVERSE the conviction and sentence.
ERVIN, KAHN and BENTON, JJ., concur.